IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| Lichun Jiang, *on his own behalf and on behalf of others similarly situated*,<br><br>Plaintiffs,<br><br>- against -<br><br>NAGOYA INC, NEW NAGOYA, LLC, NEW NAGOYA, INC d/b/a NAGOYA SUSHI & HIBACHI, and Wei Lin<br><br>Defendants. | Case No.  3:21-cv-121-KHJ-MTP<br><br>**COLLECTIVE ACTION COMPLAINT** |

Plaintiff Lichun Jiang ("Plaintiff"), by and through his undersigned attorneys, Watson & Norris, PLLC, and hereby file this complaint against the Defendants NAGOYA INC, NEW NAGOYA, LLC, NEW NAGOYA, INC d/b/a NAGOYA SUSHI & HIBACHI, and Wei Lin (collectively "Defendants"), allege and show the Court the following:

**INTRODUCTION**

1. This is an action collective action brought by Plaintiff on his own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA by engaging in a pattern and practice of failing to track and pay their employees, including Plaintiff, compensation for all hours worked and overtime compensation for all hours worked over forty (40) each workweek.

3. Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331.

5. Venue is proper in the Southern District of Mississippi pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in Madison county out of this district, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

6. Named Plaintiff Lichun Jiang ("Plaintiff Jiang") is an individual adult resident of Mississippi, and is a line cook residing in Madison County, Mississippi.

7. From in or around March 2015 to on or around December 2020, Plaintiff Jiang was employed by Defendants as a line cook in NAGOYA INC, NEW NAGOYA, LLC, NEW NAGOYA, INC d/b/a NAGOYA SUSHI & HIBACHI, located at 111 Colony Crossing #380, Madison, MS 39110.

## DEFENDANTS

8. Upon information and belief, Defendant NAGOYA INC, NEW NAGOYA, LLC, NEW NAGOYA, INC d/b/a NAGOYA SUSHI & HIBACHI are owned and operated by the same group of shareholders and/or owners.

*Corporate Defendant NAGOYA INC*

9. Upon information and belief, Defendant NAGOYA INC is a domestic business corporation organized under the laws of the State of Mississippi with a principal business address at 111 Colony Crossing #380, Madison, MS 39110.

10. Upon information and belief, Defendant NAGOYA INC had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

11. Upon information and belief, Defendant NAGOYA INC purchased and handled goods moved in interstate commerce. For instance, Defendant NAGOYA INC has employees who handled and worked on goods moved in interstate commerce such as food supplies, flours, and ingredients.

12. At all relevant times, Defendant NAGOYA INC was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

13. At all relevant times, the work performed by Plaintiff is directly essential to the business operated by Defendant NAGOYA INC.

*Corporate Defendant NEW NAGOYA, LLC*

14. Upon information and belief, Defendant NEW NAGOYA, LLC is a domestic business corporation organized under the laws of the State of Mississippi with a principal business address at 111 Colony Crossing #380, Madison, MS 39110.

15. Upon information and belief, Defendant NEW NAGOYA, LLC had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

16. Upon information and belief, Defendant NEW NAGOYA, LLC purchased and handled goods moved in interstate commerce. For instance, Defendant NEW NAGOYA, LLC has

employees who handled and worked on goods moved in interstate commerce such as food supplies, flours, and ingredients.

17. At all relevant times, Defendant NEW NAGOYA, LLC was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

18. At all relevant times, the work performed by Plaintiff is directly essential to the business operated by Defendant NEW NAGOYA, LLC.

### Corporate Defendant NEW NAGOYA, INC d/b/a NAGOYA SUSHI & HIBACHI

19. Upon information and belief, Defendant NEW NAGOYA, INC d/b/a NAGOYA SUSHI & HIBACHI is a domestic business corporation organized under the laws of the State of Mississippi with a principal business address at 111 Colony Crossing #380, Madison, MS 39110.

20. Upon information and belief, Defendant NEW NAGOYA, INC d/b/a NAGOYA SUSHI & HIBACHI had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

21. Upon information and belief, Defendant NEW NAGOYA, INC d/b/a NAGOYA SUSHI & HIBACHI purchased and handled goods moved in interstate commerce. For instance, Defendant NEW NAGOYA, INC d/b/a NAGOYA SUSHI & HIBACHI has employees who handled and worked on goods moved in interstate commerce such as food supplies, flours, and ingredients.

22. At all relevant times, Defendant NEW NAGOYA, INC d/b/a NAGOYA SUSHI & HIBACHI was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

23. At all relevant times, the work performed by Plaintiff is directly essential to the business operated by Defendant NEW NAGOYA, INC d/b/a NAGOYA SUSHI & HIBACHI.

*Individual Defendant Wei Lin*

24. Upon information and belief, Defendant Wei Lin is the owner, officer, director and/or managing agent of the Defendants NAGOYA INC, NEW NAGOYA, LLC, NEW NAGOYA, INC d/b/a NAGOYA SUSHI & HIBACHI and participated in the day-to-day operations of Defendant NAGOYA INC, NEW NAGOYA, LLC, NEW NAGOYA, INC d/b/a NAGOYA SUSHI & HIBACHI, and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203(d), and is jointly and severally liable with Defendant NAGOYA INC, NEW NAGOYA, LLC, NEW NAGOYA, INC d/b/a NAGOYA SUSHI & HIBACHI.

25. Upon information and belief, Defendant Wei Lin owns the stock of Defendants NAGOYA INC, NEW NAGOYA, LLC, NEW NAGOYA, INC d/b/a NAGOYA SUSHI & HIBACHI and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

26. Upon information and belief, Defendant Wei Lin is the chief executive officer of Defendant NAGOYA INC, NEW NAGOYA, LLC, NEW NAGOYA, INC d/b/a NAGOYA SUSHI & HIBACHI.

27. Defendant Wei Lin was known as "boss" to Plaintiff, because he (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employee rates and methods of payment, and (4) maintained

employee records at Defendant NAGOYA INC, NEW NAGOYA, LLC, NEW NAGOYA, INC d/b/a NAGOYA SUSHI & HIBACHI, (3) issued payments to employees.

28. Defendant Wei Lin is actively involved in the management of Defendant NAGOYA INC, NEW NAGOYA, LLC, NEW NAGOYA, INC d/b/a NAGOYA SUSHI & HIBACHI, including hiring Plaintiff, giving work assignments to Plaintiff, and managing the inventory and supplies among corporate Defendants.

29. Upon information and knowledge, Defendant Wei Lin is subject to "enterprise" coverage under the FLSA.

30. Upon information and knowledge, Defendant Wei Lin has over $500,000 per year in gross receipt.

31. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

32. Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at their restaurant locations for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") (the "Collective Action Members"). Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than twenty (20) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources,

6

access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

33. Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

34. This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

35. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

36. Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiffs and other Collective Action Members are:

    a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

c. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

37. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

38. Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## STATEMENT OF FACTS

39. Defendants committed the following alleged acts knowingly, intentionally and willfully.

40. Defendants knew that the nonpayment of overtime pay and failure to provide the required wage notice at the time of hiring would financially injure Plaintiff and similarly situated employees and violate federal laws.

41. From in or around March 2015 to on or around December 2020, Plaintiff Jiang was hired by Defendant Chens to work as a full-time line cook for Defendants' restaurants.

42. Defendant Wei Lin supervised Plaintiff Jiang and made arrangements for corporate Defendants.

43. Plaintiff Jiang was not provided a correct written wage notice when he was hired, including but not limited to information about his rate of pay and basis thereof, allowances,

including tip and meals credits, claimed by Defendants, and the regular pay day designated by Defendants.

**Period I**

44. From on or around March 2015 to on or around May 15, 2020, except from and three months in 2018 and March 2020 to May 2020, Plaintiff Jiang worked 6 days per week with Tuesday off. From Monday to Wednesday, Plaintiff Jiang worked from 10:00 am to 10:00 pm each day with 2:30 pm to 4:30 pm break. On Friday, Plaintiff Jiang worked from 10:00am to 10:30 pm with 2:30 pm to 4:30 pm break. On Saturday, Plaintiff Jiang worked from 10:00 am to 10:30 om with 3:30 pm to 4:30 pm break. On Sunday, Plaintiff Jiang worked from 10:00 am to 10:00 om with 3:30 pm to 4:30 pm break. Plaintiff Jiang therefore worked approximately sixty-three (63) hours per week.

**Period II**

45. From on or around May 16, 2020 to in or around June 16, 2020, Plaintiff Jiang worked 6 days per week with Tuesday off. For Monday, Wednesday Thursday and Friday, Plaintiff Jiang worked from 10:00 am to 9:00 pm without a break. For Saturdays and Sunday, Plaintiff worked from 10:00 am to 10:00 pm without a break. Plaintiff was kept such a busy schedule because after re-open of the business, some employees in the kitchen were reluctant to come to work for pandemic concerns. Plaintiff therefore worked approximately seventy (70) hours per week.

**Period III**

46. From the end of June 2020 to about December 2020, Plaintiff Jiang worked 6 days per week with Tuesday off. For Monday, Wednesday, Thursday and Friday, Plaintiff Jiang worked from 10:00 am to 9:30 pm with a break from 2:30pm to 4:00 pm. For Saturdays and Sunday,

9

Plaintiff worked from 10:00 am to 10:00 pm with a break from 3:00 pm to 4:00 pm. Plaintiff Jiang therefore worked 10 hours for four (4) days and 14 hours for one (1) day per week. Plaintiff therefore worked approximately sixty-two (62) hours per week.

47. In 2015, Plaintiff Jiang was paid at a fixed rate of $3300 per working month, regardless of how many hours he actually worked per week.

48. In 2016, Plaintiff Jiang was paid at a fixed rate of 3500 per working month, regardless of how many hours he actually worked per week.

49. In 2017, Plaintiff Jiang was paid at a fixed rate of $3500 per working month, regardless of how many hours he actually worked per week.

50. In 2018, Plaintiff Jiang was paid at a fixed rate of $3700 per working month, regardless of how many hours he actually worked per week.

51. In 2019, Plaintiff Jiang was paid at a fixed rate of $3900 per working month, regardless of how many hours he actually worked per week.

52. In 2020, Plaintiff Jiang was paid at a fixed rate of $4000 per working month, regardless of how many hours he actually worked per week.

53. Through his employment, Plaintiff Jiang was paid on the first day of that working month, by an envelope from Wei Lin with check and cash in it.

54. Throughout his employment with Defendants, Plaintiff Jiang was not overtime-exempted.

55. From 2015 to 2018, Plaintiff did not receive paystubs from Defendants for his compensation.

56. Starting in 2019, Defendants start to use payroll, stating less hours on the paystubs. Defendant Wei Lin handled the payrolls for the Defendants and distributed wage payments to Defendants' employees, including Plaintiff Jiang.

57. From 2015 to 2018, Defendants did not use any punch machine or any other methods to track employees' hours.

58. From 2019 to May 2020, Defendants start to use a punch machine. However, Wei Lin explicitly required all employee to not record over forty hours per week, even though he knew employees were working over forty hours per week.

59. After May 2020, Defendants do not require any employee to use punch machine to record their working.

60. Throughout his employment with Defendants, Plaintiff Jiang was not required to punch timecards or otherwise record his work hours.

61. Defendants did not provide Plaintiff Jiang with a proper pay stub with each wage payment.

## STATEMENT OF CLAIM

### COUNT I
### [Violations of the Fair Labor Standards Act—Overtime Wage
### Brought by Plaintiff and FLSA Collective]

62. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

63. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half

times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

64. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

65. Defendants' failure to pay Plaintiff his overtime pay violated the FLSA.

66. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

67. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

68. Defendants willfully failed to notify Plaintiff of the requirements of the employment laws in order to facilitate their exploitation of Plaintiffs' labor.

69. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff.

## **Prayer For Relief**

WHISEFORE, Plaintiff respectfully request that this court enter a judgment providing the following relief:

a) A declaratory judgment that the practices complained of herein are unlawful under FLSA;

b) Overtime wages;

c) An injunction against NAGOYA INC, NEW NAGOYA, LLC, NEW NAGOYA, INC d/b/a NAGOYA SUSHI & HIBACHI, and Wei Lin , its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

d) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to 29 U.S.C. §216;

e) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b);

f) The cost and disbursements of this action;

g) An award of prejudgment and post-judgment fees;

h) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: February 12, 2021

/s Nick Norris
Nick Norris, Esq. (MS Bar No. 101574)
WATSON & NORRIS, PLLC
1880 Lakeland Drive
Suite G
Jackson, Mississippi 39216
601-253-1179
nick@watsonnorris.com